1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jowell Finley,** | Case No. 11cv2318 JLS (PCL) |
| Plaintiff, | **REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **A. De La Trinidad et al.,** | (Doc. 8.) |
| Defendants. | |

**INTRODUCTION**

Plaintiff Jowell Finley, a prisoner proceeding *pro se*, filed a Complaint against Defendants Officer De La Trinidad, Officer Diaz, Sergeant Martinson, Captain Paul, Sergeant Romo, Lieutenant Willis, Lieutenant Romero, and Warden Uribe claiming that Defendants retaliated against him for filing inmate grievances against prison staff by placing him in the Administrative Segregation Unit (ASU) at Centinela State Prison. (Doc. 1, at 13-14.) Plaintiff also claims that Defendant De La Trinidad assaulted him on the way to a staff complaint interview, while Defendant Romero watched but did nothing to stop it and failed to report it. (Doc. 1-1, at 13-14.) Plaintiff further claims that Defendants Diaz, Gonzalez and Chavez were negligent when they lost or damaged his personal property while he was in the ASU. (Doc. 1, at 13-14.)

Defendants filed a Motion to Dismiss Plaintiff's negligence claims for lost or damaged personal property against Defendants Diaz, Gonzalez, and Chavez because he failed to exhaust

1  his administrative remedies first. (Doc. 8.) Plaintiff filed a statement of nonopposition to

2  Defendants' motion. (Doc. 10.) Upon reviewing the Complaint, Defendants' Motion and

3  Plaintiff's Statement of Nonopposition, the Court recommends Defendants' Motion to Dismiss

4  be GRANTED.

5                                               **DISCUSSION**

6  **A.       Legal Standard**

7          The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to

8  provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §

9  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

10  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

11  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.

12  516, 524 (2002). Even when a prisoner seeks relief not available in grievance proceedings,

13  notably monetary damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S.

14  731, 741 (2001). Similarly,  exhaustion is a prerequisite for all prisoner suits regarding the

15  conditions of their confinement, whether they involve general circumstances or particular

16  episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.[1]

17          The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548

18  U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and

19  other critical procedural rules because no adjudicative system can function effectively without

20  imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus,

21  compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id.

22  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise

23  procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 84. "The

24  level of detail necessary in a grievance to comply with the grievance procedures will vary from

25  _____

26          1.  These remedies need not meet federal standards, nor must they be "plain, speedy and
    effective." Porter, 534 U.S. at 524 (citations omitted); Booth, 532 at 739-40 & n.5 (2001). The
27  obligation to exhaust persists as long as some remedy is available; when that is no longer the case,
    the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir.
28  2005).

1  system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that

2  define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

3          The State of California provides its prisoners the right to appeal administratively "any

4  departmental decision, action, condition or policy perceived by those individuals as adversely

5  affecting their welfare." CAL. CODE REGS. TIT. 15, § 3084.1(a). It also provides them the right to

6  file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to

7  exhaust available administrative remedies within this system, a prisoner must proceed through

8  several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate

9  appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal

10 to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle,

11 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. TIT. 15, § 3084.5). A final

12 decision from the Director's level of review satisfies the exhaustion requirement under §

13 1997e(a). Id. at 1237-38.

14         Lastly, non-exhaustion under § 1997e(a) is an affirmative defense which should be

15 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil

16 Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A complaint may be

17 dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no

18 exception to exhaustion applies." Id. at 1120. A dismissal for failure to exhaust administrative

19 remedies is without prejudice. Wyatt, 315 F.3d at 1120.

20 **B.      Analysis**

21         Defendants argue Plaintiff did not properly exhaust his administrative remedies with

22 regard to his negligence claims for personal property  prior to the filing of this complaint as

23 mandated by § 1997e(a). (Doc. 8.) Specifically, Defendants put forth evidence of Plaintiff's

24 attempted appeal to the Office of Third Level Appeals that was screened out because it did not

25 comply with the requirements relating to appeals. (See Foston Decl., Doc. 8-1, at 1-24.) This

26 appeal regarding his negligence claims against Defendants Diaz, Gonzalez, and Chavez was not

27 pursued further by Plaintiff to the Director's level of review as required under the regulations.

28 (Id.) As such, Defendants argue that Plaintiff's negligence claim against Defendant Diaz should

1  be dismissed and that Defendants Gonzalez and Chavez should be dismissed from the case as

2  Plaintiff makes no other claims against them. (Doc. 8, at 7-8.)

3       In this case, Plaintiff filed a notice of intent of nonopposition to Defendant's motion to

4  dismiss Plaintiff's negligence claims against Defendants Diaz, Gonzalez, and Chavez. (Doc. 12.)

5  As Defendants have put forth evidence that Plaintiff failed to exhaust his administrative

6  remedies regarding the negligence claims and Plaintiff has not put forth any evidence refuting

7  Defendants' position, the Court recommends that Plaintiff's negligence claim again st Defendant

8  Diaz should be dismissed and that Defendants Gonzalez and Chavez should be dismissed from

9  the case as Plaintiff makes no other claims against them.

10  **CONCLUSION**

11       For the reasons set forth above, the Court recommends Defendants' Motion to Dismiss

12  Plaintiff's negligence claims  be **GRANTED**. The Court recommends that Plaintiff's negligence

13  claim against Defendant Diaz should be dismissed without prejudice. The Court recommends

14  that Defendants Gonzalez and Chavez should be dismissed without prejudice from the case.

15       This Report and Recommendation is submitted to United States District Judge Janis

16  Sammartino, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States

17  District Court for the Southern District of California.

18       Any written objections to this Report and Recommendation must be filed with the Court

19  and a copy served on all parties on or before **March 30, 2012**. The document should be

20  captioned "Objections to Report and Recommendation."

21       Any reply to the objections shall be served and filed on or before **April 9, 2012**. The

22  parties are advised that failure to file objections within the specified time may waive the right to

23  raise those objections on appeal of this Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156

24  (9th Cir. 1991).

25  **IT IS SO ORDERED.**

26  DATE: March 21, 2012

27  Peter C. Lewis
   U.S. Magistrate Judge
   United States District Court

28